UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11139-RWZ

MICHEL ST. JEAN

v.

RAYMOND MARCHILLI

MEMORANDUM & ORDER

October 3, 2022

ZOBEL, S.D.J.

Michel St. Jean ("Petitioner") and Alexander Gallett[1] stood trial together in 2014 in Suffolk County Superior Court for the robbery and murder of a delivery-person. Petitioner did not dispute that he broke into the vacant house with Gallett and Mathurin, but argued that he did not participate in a stabbing at that house, nor did he have any intent to commit the crimes. The jury convicted Petitioner and Gallett of first-degree murder by reason of extreme atrocity or cruelty as well as felony murder, armed robbery, and breaking and entering in the nighttime with the intent to commit a felony. Petitioner was sentenced to life in prison without the possibility of parole for first-degree murder, and concurrent terms of five to seven years for armed robbery and one to three years for breaking and entering. He appealed directly to the Massachusetts Supreme Judicial Court ("SJC"), which found no reversible errors and affirmed his convictions, thereby exhausting Petitioner's state remedies. See Commonwealth v. Gallett, 481 Mass. 662, 688 (2019). He then timely

---

[1] A third assailant, Yamiley Mathurin, pled guilty to manslaughter, armed robbery, and breaking and entering with the intent to commit a felony.

1

filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. He asserts that (1) statements by his co-defendant Gallett were admitted in error; (2) he was denied the opportunity to fully cross-examine the Commonwealth's medical expert regarding the cause of Petitioner's knife wounds; (3) the evidence was insufficient to support the convictions; (4) the court erred by denying his requests for a (i) supplemental jury instruction regarding intent for felony murder, (ii) lesser included offense instruction, and (iii) "humane practice" instruction; and (5) the court made prejudicial statements to the jury. Because the SJC's decision is neither contrary to nor an unreasonable application of clearly established federal law or the facts, the petition is denied.

## I.    Standard of Review

A federal court may grant relief to a state prisoner after exhaustion of state remedies only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The standard is objective, and even an erroneous or incorrect application of federal law is not necessarily unreasonable. See McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002). "[I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." Id.

A federal court reviewing a habeas petition must presume that state appellate and trial court factual determinations are correct. 28 U.S.C. § 2254(e)(1); see Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002). The petitioner bears the burden of rebutting this

presumption "by clear and convincing evidence." Id. Federal courts should be "particularly cautious" about issuing a writ on the ground that the evidence was insufficient to support a jury's guilty verdict where that verdict was affirmed by the state appellate court and there was no constitutional error in the conduct at trial. Hurtado v. Tucker, 245 F.3d 7, 19–20 (1st Cir. 2001).

## II. Discussion

### A. Sufficiency of Evidence (Ground 3)

Petitioner argues that the evidence was insufficient to support his murder conviction. On appeal, a reviewing court must determine "'whether the evidence is sufficient to permit a rational juror to conclude beyond a reasonable doubt that the defendant knowingly participated in the commission of the crime charged, with the intent required to commit the crime.'" Gallett, 481 Mass. at 673 (quoting Commonwealth v. Zanetti, 454 Mass. 449, 468 (2009) (overruled on other grounds)); see also Jackson v. Virginia, 443 U.S. 307, 316 (1979). First, the SJC correctly applied the standard to this case:

> [P]roof was required that St. Jean was part of a venture in which at least one of the coventurers was armed with a dangerous weapon, either applied violence to the victim's body or put the victim in fear, and took the victim's property with intent to steal it. Absent proof that St. Jean himself was armed, proof that he knew his coventurer to be armed suffices . . . .

Gallett, 481 Mass. at 673. Then, it properly concluded that the evidence presented at trial was "more than sufficient to permit a reasonable jury to find that defendant committed the murder under a theory of felony-murder" as well as under a theory of extreme atrocity or cruelty. Id. at 673–75. It detailed the evidence which supported the jury's verdict:

- Petitioner always carried a knife on his person;

3

- Defendants were overheard discussing their plan to rob someone, which included Petitioner's statement that they were "looking for a vic[tim]";
- Petitioner provided his phone number as the call-back number for the food delivery order;
- Petitioner's bloody footprints were found in the vacant house;
- The victim's blood was found on Petitioner's jeans and sneakers;
- Petitioner drove away in the victim's vehicle after the victim was seen entering the vacant house;
- Empty bottles of bleach and rubbing alcohol were found in the victim's abandoned car;
- Petitioner smelled of bleach; and,
- Petitioner had several cuts on his hand.

Id. The SJC's ruling is consistent with and a reasonable application of federal law. See Magraw v. Roden, No. CIV.A. 09-11534-FDS, 2013 WL 1213056, at *3 (D. Mass. Mar. 22, 2013), aff'd, 743 F.3d 1 (1st Cir. 2014).

### B. Confrontation Clause (Grounds 1 & 2)

Petitioner also claims error based on violations of the Confrontation Clause and Due Process Clause of the Constitution. Specifically, he argues that the statements of his co-defendant, Gallett, were improperly admitted, and that Petitioner was denied the opportunity to fully cross examine the Commonwealth's expert about his knife wounds.

#### i. Gallett's Statements

Petitioner takes issue with the use of a redacted audio-video recording of Gallett's interrogation, arguing that the gaps in the recording inculpated him by allowing the jury to speculate about the identity of the person referred to during any portion of Gallett's testimony. Cf. Bruton v. United States, 391 U.S. 123, 124–26 (1968). The SJC determined that the statement gaps did not directly inculpate Petitioner, in large part because there were three assailants—and Gallett's statements could have also referred

4

to Mathurin.[2]  Gallett, 481 Mass. at 676.  It also relied upon the multiple limiting instructions by the trial judge regarding the use of Gallett's statements because "[t]he law is clear . . . that inferential incrimination can be properly cured by a limiting instruction." Id. at 676 (quoting Commonwealth v. Rivera, 464 Mass. 56, 70) (2013) (holding no Bruton violation where defendant is only implicated when statements are combined with other evidence)).[3]  The SJC's analysis is both reasonable and consistent with Bruton.  See, e.g., United States v. Logan, 210 F.3d 820, 821–22 (8th Cir. 2000) (co-defendant's statement that "another individual" planned and committed the robbery did not violate Bruton because the court used a limiting instruction, and the statement did not implicate defendant).

### ii. Cross-Examination of Commonwealth's Medical Expert

Petitioner next claims that his constitutional rights were violated when the trial judge cut short his counsel's cross-examination of the Commonwealth's medical expert regarding the cause of the knife wounds on Petitioner's hand.  The SJC agreed. Nevertheless, it ruled the error harmless because (1) Petitioner was still granted some questions about the knife wounds; (2) he was given the opportunity to present his own expert testimony on the subject (he declined); and (3) he did present other evidence to combat the expert's theory about the cause of his knife wounds.  Gallett, 481 Mass. at 682.  The SJC's holding that Petitioner was not prejudiced and that the error was harmless

---

[2] Petitioner argues this was an unreasonable application because Mathurin's name appears unredacted in some places. Pet'r's Mem. 46–47. However, the judge instructed the jury that "'**certain** portions of the statements had been redacted based on rules of evidence or other applicable laws' and that the jury were 'not to speculate about the gaps or the reasons for the gaps.'" Gallett, 481 Mass. at 677 (emphasis added). Therefore, the SJC reasoned, the jury may have believed that Mathurin's name was redacted in some places but not others. This is not an untenable conclusion.

[3] In addition, Bruton violations are not per se reversible errors. Chapman v. California, 386 U.S. 18, 24 (1967).

5

is a reasonable application of both federal law and the facts of this case. See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).

### C. Jury Instructions (Grounds 4, 5, & 6)

Next, Petitioner claims error by the trial judge's failure to provide certain jury instructions: (i) a supplemental instruction regarding armed robbery; (ii) a lesser included offense instruction for use of a motor vehicle without authority; and (iii) a humane practice instruction.

First, the SJC reasonably determined that the trial judge was not required to give a supplemental instruction regarding armed robbery as a predicate offense for felony murder, because the instructions made clear that to find Petitioner guilty, the jury must conclude that the force and intent coincided, and that the killing happened in connection with the robbery. Gallett, 481 Mass. at 679 (citing Commonwealth v. McGee, 467 Mass. 141, 154 (2014)); see also United States v. Galatis, 849 F.3d 455, 463 (1st Cir. 2017). Considering these instructions and the applicable federal law, its ruling was not unreasonable.

Second, the SJC reasonably concluded that the trial judge was not required to instruct the jury on use of a motor vehicle without authority as a lesser included offense of armed robbery, because the elements differentiating the two offenses were not sufficiently in dispute as to warrant that instruction. Gallett, 481 Mass. at 680 (citing Commonwealth v. Gould, 413 Mass. 707, 715 (1992)). A defendant is not entitled to every instruction requested—only those instructions for which sufficient supporting evidence exists are required. Matthews v. United States, 485 U.S. 58, 63 (1988); United States v. Gamache, 156 F.3d 1, 9 (1st Cir.1998). Here, the facts allowing a reasonable

jury to find that Petitioner committed armed robbery resulting in the taking of the victim's car are the same as for use of a motor vehicle without authority. Supra Section III.A. Therefore, the SJC's holding that a lesser included offense instruction was not necessary is proper. See Matthews, 485 U.S. at 63.

Third, the SJC held that the trial judge was not required to give a humane practice instruction[4] to the jury. A humane practice instruction is only required when the voluntariness of defendant's statements is a "live issue at trial." Sunahara, 455 Mass. at 834; see also United States v. Campusano, 947 F.2d 1, 5–6 (1991). The inquiry on appeal is whether sufficient evidence of involuntariness was raised at trial. Gallett, 481 Mass. at 686–87. The SJC reasonably decided that the evidence at trial was insufficient because Petitioner's counsel acknowledged his decision not to raise voluntariness and he used the same statements as evidence in support of his defense.

### D. Judge's Comments to Jury (Ground 7)

Finally, Petitioner argues that the trial judge's comments to the jury on September 11, 2013, reflecting on the anniversary of September 11, 2001, improperly invoked juror sympathy, which prejudiced him. The SJC found no error as the judge's comments merely emphasized the importance of jury duty. Gallett, 481 Mass. at 681 (citing Commonwealth v. Mello, 420 Mass. 375, 392 (1995) ("[B]ecause the judge's remarks were neither intemperate nor critical of the attorneys, there was no danger that the judge exhibited to the jury a bias against the defendant.")). Its decision that these comments did not prejudice Petitioner is reasonable.

---

[4] A "humane practice" instruction tells the jury that the Commonwealth has the burden of proving that defendant's statements were voluntary, and that the jury must disregard such statements if the Commonwealth has not met its burden. Commonwealth v. Sunahara, 455 Mass. 832, 834 (2010).

7

## III.     Conclusion

The petition for Writ of Habeas Corpus (Docket # 1) is DENIED. Judgment may be entered accordingly.

_October 3, 2022_
          DATE

_/s/ Rya W. Zobel_
          RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE